UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA RIVERA BECERRA,<br><br>                    Petitioner,<br><br>          v.<br><br>KRISTI NOEM, et al.,<br><br>                    Respondents. | Case No. 5:26-cv-00240-SRM-PVC<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [8]** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the records on file, and the Report and Recommendation of United States Magistrate Judge. *See* Dkts. 1, 4, 6–8. Objections to the Magistrate Judge's Report and Recommendation were due on or before March 10, 2026, but none were filed.

On March 13, 2026, this Court ordered Respondents to show proof that Petitioner was provided with a bond hearing after the United States Magistrate Judge warned Respondents that "they could be subject to an order from the District Judge compelling Petitioner's immediate release." *See* Dkt. 9 (quoting Dkt. 8 at 3). Respondents notified the Court that this bond hearing was provided, but alleged Petitioner withdrew her request. *See* Dkt. 11. However, Respondents notified the Court that Petitioner would be receiving a bond hearing on March 17, 2026. *See id.* at 2.

-1-

On March 17, 2026, the Court ordered Petitioner to provide a supplemental declaration to provide information regarding her withdrawal and whether the relief in this action is moot. *See* Dkt. 12. Petitioner submitted her response and informed the Court that that immigration judge "encouraged counsel, off the record, to withdraw the bond request." *See* Dkt. 13 at 1. Moreover, the immigration judge encouraged withdrawal because he was likely to deny bond in the absence of a sponsor following BIA's decision in *Matter of Dobrotvorskii. See id.* at 2; *see also Matter of Dobrotvorskii*, 29 I&N Dec. 211 (BIA 2025). In the Order of the Immigration Judge, Dkt. 13-1, the immigration judge stated "No jurisdiction per INA section 235(b). 9th Cir. ordered stay of *Maldonado-Bautista* and the vacatur of *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025) is temporarily stayed." *See id.* at 2.

It appears that the immigration judge was unwilling to consider Petitioner's bond request and instead heavily encouraged Petitioner to withdrawal her request. Due process requires that Petitioner be given "the opportunity to be heard at a meaningful time and in a meaningful manner." *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *see also Helal v. Janecka*, No. 5:25-cv-02650-HDV-JC, 2025 WL 3190132, at *4, n.7 (C.D. Cal. Oct. 24, 2025). Respondents acknowledge that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). *See* Dkt. 6 at 2.

///

///

///

-2-

Upon review, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, Dkt. 8, and orders as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**, Dkt. 1; and

2. Respondents are **ORDERED** to immediately release Petitioner. Respondents are also **ORDERED** to submit a declaration from a person with personal knowledge that confirms Petitioner has been released from immigration custody by March 20, 2026; and

3. A separate judgment will be issued.

**IT IS SO ORDERED.**

Dated: March 19, 2026

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-3-